# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE ASPARTAME ANTITRUST LITIGATION | MASTER DOCKET NO. 2:06-CV-01732  |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

FILED MAR 2 9 2007

| | |
|---|---|
| IN RE ASPARTAME INDIRECT PURCHASER ANTITRUST LITIGATION | MASTER DOCKET NO. 2:06-CV-01862 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Whereas, the Plaintiffs and Defendants in the above-captioned actions may seek discovery of documents, information, or other materials that may contain non-public, confidential, competitively-sensitive, or proprietary information of another party or of a third party;

Whereas, the Plaintiffs and Defendants wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way;

Whereas, the parties have stipulated and agreed to terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of

the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure limiting the disclosure and use of certain discovered information in the above-captioned actions (the "Litigation") as hereinafter provided:

1.    Scope.

a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein. This Order is binding upon the parties to the Litigation, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth in this Order.

b.    Any Producing Party shall have the right to identify and designate as "CONFIDENTIAL" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential and proprietary information, including (i) financial data, non-public price data, production cost data, business plans, strategic plans, marketing plans; (ii) trade secrets or other confidential research or development information; and (iii) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information").

c.    Any Confidential Information which a Producing Party believes to be extremely sensitive and / or proprietary information, including but not limited to documents or

information reflecting, containing, or derived from current confidential trade secrets, research, development, pricing, production, cost, marketing, or customer information, the disclosure of which, even limited to the restrictions placed on the Confidential Information in this Order, would compromise and / or jeopardize the Producing Party's competitive business interests ("Highly Confidential Information") may be designated as "HIGHLY CONFIDENTIAL" by the Producing Party.

      d.    Any party to this Litigation and any third party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information produced by another party if that Discovery Material (i) either originated from the designating party or third party (or was generated on the designating or third party's behalf), or (ii) contains the designating party's Confidential or Highly Confidential Information, in which case the designating party shall be deemed a Producing Party for purposes of this Order.

      e.    A Producing Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall constitute a representation for purposes of any applicable professional standards of conduct and guidelines applicable to the parties and their counsel in this action that the Producing Party has reviewed the document, material or information and has a valid and good faith basis for the designation.

      f.    All documents and other materials produced in this Litigation shall be used for purposes of this Litigation only, whether or not a Producing Party designates such documents or materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

    2.    <u>Means of Designating Documents Confidential.</u>

Documents, material, or information may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in the following ways:

- 3 -

a.   Documents. A Producing Party shall, if appropriate, designate specific documents as (i) CONFIDENTIAL by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONFIDENTIAL"; or as (ii) HIGHLY CONFIDENTIAL by marking the first page and each subsequent page of the document containing any Highly Confidential Information with the legend "HIGHLY CONFIDENTIAL." All documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number.

b.   Interrogatory Answers and Responses to Requests for Admissions. A Producing Party shall, if appropriate, designate interrogatory answers and responses to requests for admissions as Confidential or Highly Confidential Information by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" and / or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

c.   Depositions. In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL by making a statement to that effect on the record in the course of the deposition or by letter within 30 days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Information under this Order until the expiration of the 30-day period for

- 4 -

designation. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If all or part of a videotaped deposition is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the videocassette, other videotape container or DVD shall be labeled with the legend provided for in Paragraph 2(a).

      d.    <u>Computerized Material</u>. To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate the Computerized Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by cover letter or by affixing to the media containing the Confidential or Highly Confidential Information a label containing the appropriate legend provided for in Paragraph 2(a) above. Whenever a Receiving Party reduces Computerized Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to hard-copy form, the Receiving Party shall mark the hard-copy form of the Computerized Material with the legend provided for in Paragraph 2(a) above. Whenever any Confidential or Highly Confidential Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the legend provided for in Paragraph 2(a) above.

      e.    To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes or maintains for review on any electronic system information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL that Receiving Party and / or its counsel must take all necessary steps to insure that access to the electronic

system and / or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential or Highly Confidential Information.

3.    <u>Filing of Confidential Information</u>.

All documents, materials, or information containing Confidential or Highly Confidential Information that are filed with the Court shall be filed under seal pursuant to the following procedures:

a.    Where possible, only those portions of filings with the Court containing Confidential or Highly Confidential Information shall be filed under seal. Confidential Information or Highly Confidential Information filed under seal shall be placed in sealed envelopes labeled with the title to the appropriate case in this Litigation, the name of the pleading, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to Order of the Court dated _____, 20__, and contains [Confidential Information] or [Highly Confidential Information] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. The envelope shall not be opened without further order of the Court except by persons authorized to have access to Confidential or Highly Confidential Information pursuant to Paragraphs 5 and/or 6, who shall return the information to the Clerk in a sealed envelope. A full and unredacted copy of any such submission shall be provided directly to chambers, marked "Judge's Copy" and "Contains [Confidential Information] or [Highly Confidential Information] Subject to Protective Order"

and may be opened by the presiding District Judge, his/her law clerks, and other Court personnel without further order of the Court.

b.    Within ten (10) business days of filing Confidential or Highly Confidential Information, pursuant to Paragraph 3(a), the filing party shall electronically file with the Court, for its public file, a copy of the submitted materials with the Confidential or Highly Confidential Information redacted. To the extent the filing party has filed Confidential or Highly Confidential Information of a different Producing Party, the filing party shall notify the Producing Party that it has filed the Producing Party's Confidential or Highly Confidential Information under seal. Following such notification, the Producing Party and the filing party shall cooperate in good faith in redacting the Producing Party's Confidential or Highly Confidential Information. Any Confidential or Highly Confidential Information produced by third parties pursuant to this Order also shall be redacted from this public electronic filing.

c.    If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically-delivered letter to the Direct Purchaser Plaintiffs' Liaison Counsel, the Indirect Purchaser Plaintiffs' Liaison Counsel, and counsel of record for all Defendants in this Litigation, as applicable. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public electronic filing, if any, of that submission shall be made by the submitting party within six (6) business days of the Court's decision resolving that dispute.

d.    Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this

- 7 -

Litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, return the document to counsel for the Producing Party or the party that filed the sealed document (if not the same as the Producing Party) upon request within two years after termination of the Litigation, or take any other action with respect to the document it deems appropriate.

e.    Notwithstanding the foregoing, a party is not required to file a document under seal if the Confidential Information or Highly Confidential Information contained or reflected in the document was so designated solely by that party.

4.    Use of Confidential or Highly Confidential Information.

a.    Confidential or Highly Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than conducting or participating in this Litigation, and in no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, or other purpose, except as required by law.

b.    Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents, materials, information, or its own Confidential Information or Highly Confidential Information for any purpose. The Producing Party may withdraw or modify any designation it has made.

5.    Disclosure of Confidential Information.

a.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated as CONFIDENTIAL pursuant to this Order.

b.    Access to information designated as CONFIDENTIAL pursuant to this Order shall be limited to:

- 8 -

i. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) who are engaged in recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

ii. Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

iii. Outside counsel for the parties in this Litigation (including members or associates of the counsel's firm) or members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation;

iv. Outside photocopying, document storage, data processing, graphic production, jury research or trial preparation services employed by the parties or their counsel to assist in this Litigation, including contract attorneys and paralegals retained to assist in this Litigation;

v. Any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however that (a) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert

consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (b) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (c) the individual and / or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; (d) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is neither a current nor former (within the past year from the date of this Order) employee of any party or any entity which directly competes with any of the Defendants;

vi.  No more than two directors, officers or employees of a party charged with the responsibility for making business decisions dealing directly with the resolution of the Litigation, provided that the requirements of Paragraph 7 of this Order are met;

vii. Any person who (a) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (b) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (c) was formerly employed by the Producing Party, but only as to Confidential Information to which the person had access during his / her employment; or (d) is referred to in the material, but

only as to the specific material in which such person is referenced, discussed, or mentioned; and

viii. Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

6.   Disclosure of Highly Confidential Information.

a.   The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of, information designated as HIGHLY CONFIDENTIAL pursuant to this Order.

b.   Access to information designated as HIGHLY CONFIDENTIAL pursuant to this Order shall be limited to:

i. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) who are engaged in recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

ii. Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

iii. Outside counsel for the parties in this Litigation (including members or associates of the counsel's firm) or members of the in-house legal department for the parties, as well as their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation;

iv.  Outside photocopying, document storage, data processing, graphic

production, jury research or trial preparation services employed by the

parties or their counsel to assist in this Litigation, including contract

attorneys and paralegals retained to assist in this Litigation;

v.  Any individual expert, consultant, or expert consulting firm retained by

counsel of record in connection with this Litigation to the extent

necessary for that individual expert, consultant, or expert consulting firm

to prepare a written opinion, to prepare to testify, or to assist counsel of

record in the prosecution or defense of this Litigation, provided,

however that (a) disclosure shall be made only to an individual expert or

Designated Expert Personnel; (b) the individual expert or Designated

Expert Personnel use the information solely in connection with this

Litigation; (c) the individual and / or a representative of each expert

consulting firm sign the written assurance attached on Exhibit A on

behalf of any Designated Expert Personnel associated with that firm; (d)

excluding any retention for this Litigation, the individual expert and

each of the Designated Expert Personnel is neither a current nor former

(within the past year from the date of this Order) employee of any party

or any entity which directly competes with any of the Defendants;

vi.  During deposition, any person who (a) authored or is listed as a recipient

of the particular material sought to be disclosed to that person (provided

that the document has not been altered since that person authored or

received the material); (b) is currently employed by the Producing Party,

but only as to Highly Confidential Information to which that employee is lawfully entitled to have access in connection with his or her employment; (c) was formerly employed by the Producing Party, but only as to the specific material to which the person had access during his / her employment; or (d) is referred to in the material, but only as to the specific material in which such person is referenced, discussed, or mentioned; and

vii. Any other person to whom (a) the Producing Party agrees in writing or on the record in advance of the disclosure or (b) the Court directs should have access.

7.    Notification of Protective Order.

a.    Confidential or Highly Confidential Information shall not be disclosed, described, or otherwise made available to an individual expert or expert consulting firm described in Paragraphs 5(b)(v) or 6(b)(v), unless the expert, consultant, or firm has executed an Agreement of Confidentiality in substantially the same form attached hereto as Exhibit A. The originals of the Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation. Upon a showing of good cause to the Court, copies of all executed Agreements shall be provided to the counsel for the party seeking disclosure of the Agreements within thirty (30) days of a court order requiring their production. The prohibition on disclosure in the first sentence of this Paragraph includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

- 13 -

b.      Confidential or Highly Confidential Information shall not be disclosed to

persons who are non-parties pursuant to 5(b)(ii); 5(b)(v); 5(b)(vi); 5(b)(vii); and 5(b)(viii);

6(b)(ii); 6(b)(v); 6(b)(vi); and 6(b)(vii) unless (1) they are first provided with a copy of this

Order and (2) disclosing counsel first advises them that they are bound by the provisions of this

Order.  This prohibition does not limit a Producing Party's ability to disclose its own

Confidential or Highly Confidential Information.

8.      Use of Confidential or Highly Confidential Information in Court.

a.      If any Receiving Party plans to utilize any Confidential or Highly

Confidential Information at a court hearing, that Receiving Party will use reasonable efforts to

inform the Producing Party of its intent at least twenty-four (24) hours in advance of the hearing.

If no advance notice is given, the Receiving Party will provide the Producing Party with an

opportunity to approach the Court in confidence, whether in chambers or sidebar or other method

as the Court shall direct, regarding the use of Confidential or Highly Confidential Information

before reference is made to any Confidential or Highly Confidential Information on the record.

b.      In the event that any information designated as CONFIDENTIAL or

HIGHLY CONFIDENTIAL is used in any Court proceeding in this Litigation or any appeal, it

shall not lose its status as Confidential or Highly Confidential Information, and any record or

transcript of proceedings containing such information shall be sealed.

c.      The rules governing the use of Confidential and Highly Confidential

Information at trial shall be determined at a later date.

9.      Objections to Designations.

A party shall not be obligated to challenge the propriety of a Confidential or Highly

Confidential Information designation at the time material so designated is produced, and a failure

- 14 -

to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon the interested parties shall meet and confer in an attempt to resolve any objection. If the objection is not resolved within fourteen (14) days of transmission of the initiating letter, the party objecting to the confidentiality designation may move the Court for an Order removing the designation with respect to the challenged Discovery Material. If a motion is made, the Producing Party has the burden of establishing that the designation is proper. If no motion is made, the material will retain its designation. If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties. Any documents or other materials that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated in the manner designated until the Court, or any magistrate or special master to whom this matter is assigned, rules that they should not be treated as Confidential or Highly Confidential Information, or the Producing Party agrees to change the designation.

10.   <u>Preservation of Rights and Privileges.</u>

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right that any party may have to assert any privilege at any stage of this Litigation.

- 15 -

11.   <u>Return or Destruction of Materials</u>.

Within sixty (60) days after the final resolution of this Litigation, including both the Direct Purchaser and Indirect Purchaser cases, a Receiving Party shall return all Confidential and Highly Confidential Information, including all copies of said materials, to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that all such materials have been destroyed.  Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain Confidential or Highly Confidential Information, so long as counsel protects that information consistent with the terms of this Order.

12.   <u>Correction of Designation and Clawback</u>.

a.      A Producing Party that fails to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production shall be entitled to make a correction to its designation.  Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated.  Upon receipt of a notice of correction, the Receiving Party shall, within ten (10) days of receipt of the substitute copies, destroy or return to counsel for the Producing Party all copies of such mis-designated documents.  The obligation to treat such material pursuant to a corrected designation shall run prospectively from the date of designation.  Individuals who reviewed the mis-designated Discovery Material prior to notice of the mis-designation by the

- 16 -

Producing Party shall abide by the provisions of this Order with respect to all future use and

disclosure of the mis-designated materials and any information contained in them.

   b.   A Producing Party that inadvertently produces any document, material, or

other information during discovery in this Litigation that the Producing Party has a good faith

reason to believe is privileged under the attorney-client or other privilege, or protected from

discovery as work product, may, upon discovery of the inadvertent production, request the return

of the document or information that was inadvertently disclosed. Any such inadvertent

disclosure shall not be deemed a waiver in whole or in part of a party's claim of privilege. Upon

receipt of a request for return by the inadvertently Producing Party, the Receiving Party (a) shall

return the original and all copies of the documents within thirty (30) days of the request, and

shall not use the information for any purpose except upon further order of the Court, or (b) object

to the request as described below. In the event the Receiving Party objects to the return of the

document, the Receiving Party shall move the Court for an order allowing it to retain and use the

material based on the condition that the document or information is neither privileged nor

protected from discovery. All materials related to the inadvertently produced document,

material, or information, and motion, shall be treated as Highly Confidential Information

pursuant to this Order, unless otherwise ordered by the Court. If a motion is made within thirty

(30) days of receiving the notice from the Producing Party of its claim of inadvertent production,

the Receiving Party may retain the produced document or information until the Court resolves

the motion. However, the Receiving Party shall not use the document or information for any

purpose other than the motion except upon further order of the Court. If no motion is made

within thirty (30) days, the document, material, or information and all copies shall be returned to

the Producing Party or destroyed by the Receiving Party (which the Receiving Party shall so

certify) and the Receiving Party will not be entitled to retain the document or information in any way. If the Receiving Party disclosed the document, material, or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

        c.    If Confidential or Highly Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party of the Confidential or Highly Confidential Information and make every reasonable effort to retrieve that Confidential or Highly Confidential Information and to prevent further disclosure.

    13.    <u>Limitation on Scope of this Order.</u>

The restrictions in this Order shall not apply to documents, materials, or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents, materials, or information.

    14.    <u>No Admission.</u>

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

    15.    <u>Duty to Notify of Receipt of Subpoena.</u>

If any Receiving Party receives a subpoena from a person not a party to this Litigation for documents obtained from a Producing Party subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of

the Order, and give the Producing Party notice of the subpoena within the earlier of three (3)

business days after its receipt of the subpoena or before it produces any documents in response to

the subpoena, so that the Producing Party has an opportunity to file a motion to quash the

subpoena or other similar filing prior to the production of any responsive material. In the

absence of a motion by the Producing Party to quash the subpoena, other similar filing, or further

court order, the party receiving the subpoena may produce documents, materials, or other

information responsive to the subpoena.

16.    Application of this Order to Non-Parties.

This Order shall apply to non-parties who provide discovery, by deposition, production of

documents, or otherwise, in this Litigation, if that non-party requests the protection of this Order

as to its Confidential or Highly Confidential Information and complies with the provisions of this

Order. A non-party who provides discovery in this Litigation, requests the protection of this

Order, and complies with its terms will be deemed a Producing Party. A Party taking discovery

from a non-party must provide the non-party with a copy of this Protective Order when it serves

the non-party with an initial discovery request.

17.    Continuing Force of this Order.

Upon final resolution of this Litigation, the provisions of this Order shall continue to be

binding. This Court expressly retains jurisdiction over this Litigation for enforcement of the

provisions of this Order following the final resolution of this Litigation.

18.    Confidential Designations Prior to the Entry of this Order.

Until this Order is entered by the Court, any Discovery Material designated as

CONFIDENTIAL or HIGHLY CONFIDENTIAL that is produced in this Litigation shall be

protected from disclosure pursuant to the terms of this Order as if entered by the Court. If any

actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

19.   Modification of Order.

This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.  This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to approval of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater, or lesser protection with respect to the use of any Confidential or Highly Confidential Information, or seeking to prevent Confidential or Highly Confidential Information from being provided to the persons described in Paragraphs 5 and 6 of this Order.

20.   Applicability to Future Actions.

The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel.  Within ten (10) days of (i) entry of an appearance by a new party to the Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in the Plaintiff's Complaints, Lead Counsel for the Direct Purchaser Plaintiffs shall serve a copy of this Order on the new party's counsel.

21.   Calculation of Time.

All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

Dated: 3\28\ ____, 2007

IT IS SO ORDERED:

_____
United States District Judge